IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TAMMY L. EZSOL,
    Plaintiff,

v().  Case No.:  5:10cv97/RH/EMT

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,
    Defendant.
_____ /

**O R D E R**

    Before the court is Plaintiff's second amended complaint, filed through counsel James P. Appleman, pursuant to 42 U.S.C. § 405(g) of the Social Security Act for judicial review of an adverse administrative decision of the Defendant (Doc. 7).  The Commissioner filed an answer (Doc. 13).  At the court's direction (Doc. 15), Plaintiff filed a memorandum in support of her second amended complaint (Doc. 18), and the Commissioner filed a memorandum in opposition (Doc. 23).

    According to the initial complaint (Doc. 1), and both the first and second amended complaints (Docs. 4 and 7), Plaintiff resides in Indiana.[1]  The proper venue for judicial review of the Commissioner's administrative decision is "the district court . . . for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia."  42 U.S.C. § 405(g).  Based on Plaintiff's stated address in Indiana, under § 405(g)

---

[1] Plaintiff's address as shown in these pleadings is:

37 Thompson Drive
Vincenees, IN 47591

Based on the zip code, it appears that the name of the city in which Plaintiff resides in fact is "Vincennes," Indiana.

venue for this case is not laid in the Northern District of Florida but rather in the Southern District of Indiana.  Additionally, the administrative hearing in this case took place in Evansville, Indiana (*see* Doc. 14-5 at 693), where the administrative law judge also rendered his decision on August 28, 2008 (*id.* at 16–28)

It appears that neither party has addressed the venue issue identified by the court.[2]  The court therefore will require the parties to do so.  By **MAY 24, 2011**, counsel shall file a joint notice advising the court that they have conferred regarding venue and that they agree either:  (1) that this matter may be heard in the Northern District of Florida or (2) that it should be transferred to the Southern District of Indiana.  If the parties do not agree on the issue, also by **MAY 24, 2011**, each party may file a memorandum of no more than five (5) pages outlining his or her position.

Accordingly, it is **ORDERED**:

By **MAY 24, 2011**, counsel shall file a joint notice advising the court that they have conferred regarding venue and that they agree either:  (1) that this matter may be heard in the Northern District of Florida or (2) that this matter should be transferred to the Southern District of Indiana.  If the parties do not agree on the issue, also by **MAY 24, 2011**, each party may file a memorandum of no more than five (5) pages outlining his or her position.

**DONE AND ORDERED** this 10th day of May 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Venue under § 405(g) is not jurisdictional; it is waivable by the parties.  *See* Weinberger v. Salfi, 422 U.S. 749, 763–64, 95 S. Ct. 2457, 2466, 45 L. Ed. 2d 522 (1975); Matthews v. Eldridge, 424 U.S. 319, 328 n.9, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).  If the defense of improper venue has not been asserted in the responsive pleading, as is the case in this action (*see* Doc. 13), the defense is deemed waived.  *See* Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(h)(1).  Nevertheless, even if improper venue may not be asserted as a defense to liability, where transfer serves the interest of justice, the court may transfer the case to the proper judicial district on its own motion.  *See* 28 U.S.C. § 1406.  The court has not substantively reviewed Plaintiff's claims or the Commissioner's responses.  That said, the court has some concern that—if, for example, the case were to be remanded for further proceedings before the Social Security Administration (presumably, to the regional office serving Indiana)—the interest of justice would best be served by transfer.